UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BRYAN CAIZA GUEVARA,

                Petitioner,

v.

JOHN TSOUKARIS, *et al.*,

                Respondents.

Civil Action No. 26-967 (JXN)

**MEMORANDUM AND ORDER**

**NEALS**, District Judge

    Before the Court is Petitioner Bryan Caiza Guevara's ("Petitioner") counseled Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging his detention (ECF No. 1) and a request for an Order to Show Cause ("OTSC") (*id.* at 15).

    Petitioner has paid the $5.00 filing fee. In accordance with Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"), which is applicable to § 2241 cases through Rule 1(b) of the Habeas Rules, this Court has screened the Petition for dismissal and determined that dismissal without an answer and the record is not warranted.

    Petitioner requests an OTSC, relying on 28 U.S.C. § 2243. (ECF No. 1 at 15.) Section 2243 states that "the writ... shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." Multiple courts in this District have found that Rule 4 of the Habeas Rules, applicable to § 2241 cases through Rule 1(b) of the Habeas Rules, provides the Court with more flexible time limits for ordering an answer and supersedes the time limits of 28 U.S.C. § 2243 to the extent there is a conflict.[1] *See Iremashvili v. Rodriguez*, No. 15-6320, 2017

---

[1] Federal procedural rules, which are promulgated by the U.S. Supreme Court and approved by Congress, have the force of statute. *See* 28 U.S.C. § 2072; *Sempier v. Johnson & Higgins*, 45 F.3d 724, 736 (3d Cir. 1995); *United States v. Christian*, 660 F.2d 892, 899 (3d Cir. 1981). Indeed, § 2072 explicitly states that "[a]ll laws in conflict with such

WL 935441, at *2 (D.N.J. Mar. 9, 2017); *Capozzi v. Fed. Bureau of Prisons*, No. 21-19533, 2021 WL 5881587, at *1 (D.N.J. Dec. 13, 2021); *Schumaker v. Knight*, 23-20834, 2024 WL 866347, at *1 (D.N.J. Feb. 29, 2024). The Court agrees and denies Petitioner's request for an Order to Show Cause under § 2243, as it directs Respondents to answer the Petition pursuant to its authority under the Habeas Rules. Accordingly,

**IT IS**, on this 4th day of February 2026,

**ORDERED** that the Clerk of the Court shall serve a copy of the Petition (ECF No. 1) and this Order upon Respondents by regular mail, with all costs of service advanced by the United States; it is further

**ORDERED** that the Clerk of the Court shall forward a copy of the Petition (ECF No. 1) and this Order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; it is further

**ORDERED** that the request for an OTSC (ECF No. 1 at 15) is **DENIED without prejudice** in light of the Court's Order directing Respondents to answer the Petition under the Habeas Rules; it is further

**ORDERED** that pursuant to the Court's authority under the All Writs Act, 28 U.S.C. § 1651, Respondents are **TEMPORARILY ENJOINED** from transferring Petitioner from his current detention facility in New Jersey during the pendency of this action; this Order shall remain in effect pending further Order of the Court; it is further

---

rules shall be of no further force or effect after such rules have taken effect." 28 U.S.C. § 2072(b). And "[w]here a Rule of Civil Procedure conflicts with a prior statute, the Rule prevails." *Penfield Co. of Cal. v. SEC*, 330 U.S. 585, 589 n.5 (1947).

**ORDERED** that within fourteen (14) days of the date of the entry of this Order, Respondents shall electronically file a full and complete answer to said Petition, which responds to the factual and legal allegations of the Petition paragraph by paragraph; it is further

**ORDERED** that the answer shall state the statutory authority for Petitioner's detention, *see* 28 U.S.C. § 2243, and provide the relevant legal analysis, record evidence supporting the asserted statutory basis for detention, and any documents relevant to Petitioner's initial parole from custody and his recent revocation of parole; it is further

**ORDERED** that Respondents shall raise by way of the answer any appropriate defenses which Respondents wish to have the Court consider, including, but not limited to, exhaustion of administrative remedies, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate legal authority; it is further

**ORDERED** that Respondents shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; and it is further

**ORDERED** that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; it is further

**ORDERED** that Petitioner may file and serve a reply in support of the Petition within fourteen (14) days after the answer is filed; it is further

**ORDERED** that within seven (7) days of Petitioner's release, be it transfer to supervised release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of the Order upon the parties electronically.

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge