**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| BRYAN CAIZA GUEVARA,<br><br>                    Petitioner,<br><br>          v.<br><br>JOHN TSOUKARIS, *et al.*,<br><br>                    Respondents. | Civil Action No. 26-967 (JXN)<br><br><br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is Petitioner Bryan Caiza Guevara's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging his continued detention. (ECF No. 1) and a Motion to Expedite (ECF No. 6). Respondents filed an opposition to the Petition (ECF No. 4), and Petitioner replied in further support (ECF No. 5). Having considered the parties' submissions in support of and opposition to the Petition, the Court decides this matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Petitioner's Petition is **GRANTED**.

I.    **BACKGROUND AND PROCEDURAL HISTORY**

Petitioner, a native of Ecuador, entered the United States in July 2023. (ECF No. 4 at 2.) Department of Homeland Security ("DHS") agents detained Petitioner pursuant to Immigration and Nationality Act ("INA") § 235(b)(1), 8 U.S.C. § 1225(b)(1). (*See* ECF No. 4-1 at 3.) Petitioner was placed in expedited removal proceedings under § 1225(b)(1). (*See* ECF No. 4-2.) On August 10, 2023, following a credible fear interview, Petitioner was found to have a credible fear of returning to his country. (ECF No. 4-3 at 3.) On August 22, 2023, DHS released him into the

country on humanitarian parole under 8 U.S.C. § 1182(d)(5)(A). (*See* ECF No. 1 at 10; *see also* ECF No. 4 at 2.) On Petitioner's parole was valid for one year and expired on August 22, 2024. (ECF No. 4 at 2; *see* ECF No. 1-3.) On November 21, 2024, Petitioner submitted an I-589 application for asylum, which remains pending. (*See* ECF No. 4-3 at 3.)

On January 24, 2026, Immigration and Customs Enforcement ("ICE") agents detained Petitioner. (ECF No. 4 at 1.) Following Petitioner's arrest and detention by ICE, he has not been afforded an individualized bond hearing because he is being held in mandatory detention under 8 U.S. C. § 1225(b)(1). (ECF No. 4 at 1-2.)

On January 30, 2026, Petitioner filed the instant Petition, arguing that his detention is unlawful. (*See generally* ECF No. 1.) Respondents filed an answer, opposing relief (ECF No. 4), and Petitioner replied (ECF No. 5).

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on the petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

2

### III.    DISCUSSION

Petitioner argues that because he was arrested in the United States after residing here for several years, the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A) does not apply to him and that he is unlawfully detained. (ECF No. 1 at 13-14.) Petitioner claims he may only be rightfully detained, if at all, under the discretionary-detention provision of 8 U.S.C. § 1226(a). (*Id.* at 13; ECF No. 5 at 2-6.) Respondents contend that ICE has detained Petitioner under § 1225(b)(1)(B)(ii) because he was (i) apprehended at a port of entry or near the border, (ii) placed into expedited removal proceedings, and (iii) passed a credible-fear screener interview for an asylum claim. (ECF No. 4 at 1.) Respondents argue Petitioner is therefore subject to mandatory detention under §1225(b)(1) upon his re-detention. (*Id.*) Respondents submit that noncitizens, like Petitioner, "who are paroled are . . . subject to the 'entry fiction' in which they are legally considered as if they remained at the border throughout and after their parole until removal or credible fear proceedings conclude." (*Id.* at 2, citing *Sanchez v. Soto*, No. 25-19082, 2026 WL 125576, at *2 (D.N.J. Jan. 16, 2026) (quoting *Faqirzada v. Rokosky*, No. 25-16639, 2026 WL 63614, at *2 (D.N.J. Jan. 8, 2026).)

8 U.S.C. § 1225 governs the "[i]nspection by immigration officers" of "[a]liens[1]" and provides for the mandatory detention and expedited removal of certain "inadmissible arriving aliens." *Id.* Section 1225(a)(1) pertains to "[a]liens treated as applicants for admission" and states:

> An alien present in the United States who has not been admitted or who arrives in the United States . . . shall be deemed for purposes of this chapter an applicant for admission.

8 U.S.C. § 1225(a)(1). Section 1225(b), in turn, requires the mandatory detention — without a bond hearing — of two groups of "applicants for admission." 8 U.S.C. §§ 1225(b)(1)-(2).

---

[1] The Court uses the terms alien and noncitizen interchangeably.

At issue here are the group of applicants for admission who fall under §1225(b)(1). Section 1225(b)(1) states that it governs "[i]nspection of aliens arriving in the United States and certain other aliens *who have not been admitted or paroled*." § 1225(b)(1) (emphasis added). Therefore, it applies to (1) noncitizens arriving in the United States, § 1225(b)(1)(A)(i), and (2) certain other aliens, § 1225(b)(1)(A)(iii)(II). *Id.* § 1225(b)(1)(A)(iii)(II) describes "certain other aliens" as an alien "*who has not been admitted or paroled into the United States*, and who has not affirmatively shown . . . that the alien has been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility under this subparagraph." *Id.* (emphasis added). If a noncitizen falls under either § 1225(b)(1) category, they are subject to expedited removal if the noncitizen is "inadmissible" to the United States either because they lack proper entry documents or because they engaged in fraud or willfully misrepresented a material fact on their application for admissions. § 1225(b)(1)(A)(i); 8 U.S.C. § 1182(a)(6)(C), (a)(7).

Section 1225(b)(1)(A)(i) instructs that if the individual is deemed inadmissible and neither demonstrates his intent to apply for asylum nor indicates his fear of prosecution, torture, or returning to his country of origin, then the immigration officer will issue a Notice and Order of Expedited Removal. 8 C.F.R. § 235.3(b)(2)(i). Individuals placed in expedited removal proceedings pursuant to Section 1225(b)(1) are mandatorily detained. 8 U.S.C. §§ 1225(b)(1)(B)(ii), (iii)(IV).[2]

---

[2] 8 U.S.C. § 1225(b)(2)(A) requires mandatory detention if the individual is "an alien who is an applicant for admission" and "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). This includes "noncitizens who are arriving in the United States, seeking admission, and are inadmissible for some reason other than misrepresentation or failure to meet document requirements." *Vasquez-Rosario v. Noem*, 2026 WL 196505 at * 4 (E.D.P.A. Jan. 26, 2026).

4

The parole statute, Section 1182(d), provides for the temporary admission of noncitizens who are mandatorily detained under §1225(b)(1) by way of humanitarian parole. 8 U.S.C. § 1182(d). 8 U.S.C. § 1182(d)(5)(A) states:

> The Secretary of Homeland Security may, except as provided in subparagraph (B) or in section 1184(f) of this title, in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Attorney General, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.

*Id.*

Respondents argue that because Petitioner was originally subject to §1225(b)(1) mandatory detention and was subsequently paroled into the United States pursuant to §1182(d)(5)(A), he returns to mandatory detention under §1225(b)(1) upon his re-detention. (ECF No. 4 at 2.) The Court disagrees that Petitioner is lawfully detained under §1225(b)(1).

Based on the plain text of § 1225(b)(1)(A)(iii)(II), it does not authorize mandatory detention of noncitizens when the noncitizen was *previously paroled* in the United States. *See*, *e.g.*, *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274 (E.D.N.Y. 2025). As the *Rodriguez-Acurio* court explained,

> the statutory text [of § 1225(b)(1)(A)(iii)(II)] does not read that a noncitizen is eligible for expedited removal if that person "is not currently on parole." Instead, it ties the ability to be designated for expedited removal to whether the noncitizen "has not been . . . paroled," leaving open the possibility that "whether a noncitizen's parole is active, or has expired or been terminated, does not matter."

811 F. Supp. 3d at 299 (quoting *Coalition for Humane Immigrant Rts. v. Noem*, 805 F. Supp. 3d 48, 2025 WL 2192986, at *22 (D.D.C. Aug. 1, 2025)). The plain language of the § 1225(b)(1)(A)(iii)(II) applies to noncitizens who have "not been paroled" into the United States.

5

Here, because Petitioner has previously been paroled into the country, it cannot serve as the basis for Petitioner's current re-detention. *See, e.g.,* 811 F. Supp. 3d at 299-300 (concluding that "has not been . . . paroled" in § 1225(b)(1)(A)(iii)(II) describes a past event of parole, not a present status, because the present-perfect tense captures whether parole occurred "at any time in the indefinite past," and that although the term "parole" can refer to both a manner of entry and legal status, contextual clues, such as the pairing of "admitted or paroled into the United States," show that Congress referred to a manner of entry, not an ongoing legal status) (cleaned up)); *see also Rivas Rodriguez v. Rokosky*, No. 25-17419, 2025 WL 3485628, at (D.N.J. Dec. 3, 2025) (finding that because § 1225(b)(1)(A)(iii)(II) applies only to individuals "who have not been . . . paroled," the plain language of the statute clearly and unambiguously shows that it cannot serve as the basis for detention of a noncitizen who was previously paroled under § 1182(d)(5)(A)); *Vasquez-Rosario v. Noem*, No. 25-7427, 2026 WL 196505, at * 7 (E.D.Pa. Jan 26, 2026) (same).

Respondents submit that Petitioner is subject to mandatory detention under §1225(b)(1) because he was previously (i) apprehended at a port of entry or near the border, (ii) placed into expedited removal proceedings, and (iii) passed a credible-fear screener interview for asylum. (ECF No. 4 at 1.) However, Respondents fail to discuss the plain text of § 1225(b)(1), nor do they provide the Court with any statutory analysis. Furthermore, Respondents fail to analyze the statutory language of the parole statute, § 1182(d)(5)(A), and how it provides for Petitioner's return to mandatory detention under § 1225(b)(1).

Based on the above reading of the plain text of § 1225(b)(1), the Court finds that Petitioner's detention under § 1225(b)(1) is unlawful, as he was previously paroled into the country. Respondents argue that if the Court finds that §1225(b)(1) does not apply to Petitioner- which it has- a bond hearing under §1226(a) is the only remedy available to Petitioner. (ECF No.

6

4 at 3.) Although Petitioner may be lawfully subject to detention under a different statute, "the Government did not attempt to follow the requirements of that statute in taking him into custody, nor have they used that statute as a basis for his detention." *Fajardo-Nugra v. Soto*, No. 26-975, 2026 WL 579192, at *1-2 (D.N.J. Mar. 2, 2026). The Court will not correct Respondents' unlawful application of § 1225(b)(1) and detention of Petitioner by converting Petitioner's detention to "potentially lawful alternate form under a different statute with different procedural requirements and rules." *Id.* at *2 (granting Petitioner's habeas petition and ordering Petitioner's release based on the Government's flawed application of § 1225(b)(2)). Respondents detained Petitioner unlawfully under § 1225(b)(1), and the Court has found that he is not subject to detention under that statute. Therefore, Respondents shall release Petitioner from custody.

## IV.    CONCLUSION

For the reasons set forth above, the Petition (ECF No. 1) is **GRANTED**, and Respondents shall release Petitioner from custody. The Motion to Expedite (ECF No. 6) is **DISMISSED as moot**. An appropriate Order accompanies this Opinion.

**DATED**: 4/9/2026

JULIEN XAVIER NEALS
United States District Judge